At the Special (July) Term, 1873, the plaintiff obtained a judgment against the defendant upon two notes made in South Carolina, when it was referred to the Clerk to calculate the interest and enter up the *Page 404 
judgment. This the Clerk proceeded to do after the adjournment of the Court, and issued execution for the amount.
After notice, the defendant applies to the Judge of the 9th District to set the execution aside and correct the error. His Honor orders, upon hearing the affidavits filed, that the defendant pay the amount admitted by him to be due to the plaintiff, and that as to the balance it be referred to overhaul the calculation of interest, c. From this order the defendant appeals.
The rule for the calculation of the interest is to calculate the interest upon the principal for the first year, and set the (499) interest aside. Then calculate the interest upon the principal for the second year just as for the first year, and set that amount aside also. And so on up to the time of the first payment. Then calculate the interest upon each year's interest separately, up to the time of the payment, just as if a bond had been given each year for each year's interest, and the interest calculated upon each of these bonds from its date up to the time of the payment. Then apply the payment to the extinguishment of these interest bonds, and the surplus of the payment apply in part satisfaction of the principal of the original bond. And then pursue the same course from the time of the first to the time of the second payment, and so on.
That is the rule when the payment is sufficient to satisfy all the interest bonds. If the payment is not enough to satisfy all the interest bonds, then the payment is to be applied to the interest on the interest bonds, and the surplus to the principal of the interest bonds as far as it will go.
If the payment is not enough to satisfy the interest on the interest bonds, then the payment is set aside, and neither stops interest nor bears interest. And this is fair, because as the interest upon interest does not bear interest, so the payment which is less than that does not bear interest.
There is error in the mode of calculating the interest by the Court below. This will be certified to the end that the interest may be calculated and the payments applied according to this opinion.
PER CURIAM. Judgment accordingly. *Page 405